### UNITED STATES v. M. KNOEDLER & CO.

(Circuit Court, S. D. New York.	May 23, 1907.)

#### No. 4,519.

CUSTOMS DUTIES—CLASSIFICATION—MINIATURE FRAMES—JEWELRY.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 434, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for "articles commonly known as jewelry," does not include miniature frames composed of precious metals set with diamonds and pearls, which are not used as articles of personal adornment but for utility, but they are dutiable under paragraph 193.

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision below (G. A. 6,427 [T. D. 27,577]), the Board of General Appraisers reversed the assessment of duty by the collector of customs at the port of New York, sustaining a protest by the importers.

The assessment was under Tariff Act July 24, 1897, c. 11, § 1, Schedule N., par. 434, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676]. The importers' protest was based on Schedule C, par. 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]. The pertinent portions of these paragraphs are as follows:

"434. Articles commonly known as jewelry."

"193. Articles or wares * * * composed wholly or in part of * * * gold, silver, platinum, aluminum or other metal."

The Board's opinion reads, in part, as follows:

SHARRETTS, General Appraiser. * * * Had the frames in question been designed or suitable for use as articles to be worn on the person, we would entertain no doubt of the correctness of their classification as jewelry. Articles of utility, however, such as chatelaine bags, jewel cases, and picture frames, not being articles of personal adornment, are not included within the dictionary definition of "jewelry," no matter how valuable they may be.

We accordingly find that the disputed goods are not commonly known as jewelry, and sustain the protest claiming them to be dutiable at 45 per cent. ad valorem under paragraph 193, as articles composed in part of metal, without regard to the relative value of the gems and the metal entering into their fabrication.

The collector's decision, in our opinion, is erroneous, and is hereby reversed.

D. Frank Lloyd, Asst. U. S. Atty.

Walden & Webster (Henry J. Webster, of counsel), for importers.

PLATT, District Judge.	Decision affirmed.